IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID B. STARKEY, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WILMINGTON SAVINGS FUND )<br>SOCIETY, FSB, ET AL )<br>    Defendants. ) | Civil Action No. 3:24-1076<br>Judge Richardson / Frensley |

## REPORT AND RECOMMENDATION

By Order entered September 13, 2024 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge for pretrial proceedings under 28 U. S. C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pro se Plaintiff, David Starkey filed this action on September 6, 2024, seeking relief under the Fair Debt Collection Practices Act ("FDCPA") 15 U. S. C. §§ 1692, et seq.. Docket No. 1. On February 10, 2025, a show cause order was filed giving the Plaintiff until March 7, 2025, to provide proof of service to Defendants or show just cause why service has not been effectuated.

On March 7, 2025, Plaintiff filed a response to the show cause order and summons were issued by the Clerk of Court for Defendants Marinosci Law Group and Wilmington Savings Fund Society. To date no appearance on behalf of any Defendants has been filed and the Plaintiff has not filed proof of service on the named Defendants.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the Defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because more than 90 days have passed since this action was filed and Defendant has not been served with process, the action must be dismissed without

prejudice in accordance with Rule 4(m). The Court notes that Plaintiff was specifically advised by the February 10, 2025, Order that the action would be dismissed if process was not timely made upon Defendant. Docket No. 5. The Plaintiff has taken no action to advance this case since responding to the show cause order and receiving the summons. Although Plaintiff is proceeding *pro se,* he must still comply with the basic procedural rules applicable to all litigants. *See Jourdan v. Jabe*, 951 F. 2d 108, 110 (6th Cir. 1991); *Aug. v. Caruso*, 2015 WL 1299888, *6 (E.D. Mich. Mar. 23, 2015) ("pro se parties must follow the same rules of procedure that govern other litigants").

## RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

*[signature]*

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**