IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID B. STARKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:24-cv-01076 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| WILMINGTON SAVINGS FUND ) | |
| SOCIETY, FSB, *as Owner Trustee of the* ) | |
| *Residential Credit Opportunities Trust VIII-* ) | |
| *C*, ET AL., ) | |
| ) | |
| Defendant. ) | |

# ORDER

Pending before the Court[1] is a report and recommendation (Doc. No. 9, "R&R") of the Magistrate Judge, which recommends that this action be dismissed without prejudice in accordance with Federal Rule of Civil Procedure 4(m). No objections to the R&R have been filed and the time for filing objections has now expired.[2]

Absent any objection to the procedural history and underlying circumstances of this case set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety, and includes it here for reference.

> By Order entered September 13, 2024 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge for pretrial proceedings under 28 U. S. C. § 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on October 9, 2025 and as of October 30, 2025 Plaintiff has not filed any objections.

> Pro se Plaintiff, David Starkey filed this action on September 6, 2024, seeking relief under the Fair Debt Collection Practices Act ("FDCPA") 15 U. S. C. §§ 1692, et seq.. Docket No. 1. On February 10, 2025, a show cause order was filed giving the Plaintiff until March 7, 2025, to provide proof of service to Defendants or show just cause why service has not been effectuated.
>
> On March 7, 2025, Plaintiff filed a response to the show cause order and summons were issued by the Clerk of Court for Defendants Marinosci Law Group and Wilmington Savings Fund Society. To date no appearance on behalf of any Defendants has been filed and the Plaintiff has not filed proof of service on the named Defendants.
>
> Rule 4(m) of the Federal Rules of Civil Procedure requires that the Defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because more than 90 days have passed since this action was filed and Defendant has not been served with process, the action must be dismissed without prejudice in accordance with Rule 4(m). The Court notes that Plaintiff was specifically advised by the February 10, 2025, Order that the action would be dismissed if process was not timely made upon Defendant. Docket No. 5. The Plaintiff has taken no action to advance this case since responding to the show cause order and receiving the summons. Although Plaintiff is proceeding *pro se*, he must still comply with the basic procedural rules applicable to all litigants. *See Jourdan v. Jabe*, 951 F. 2d 108, 110 (6th Cir. 1991); *Aug. v. Caruso*, 2015 WL 1299888, *6 (E.D. Mich. Mar. 23, 2015) ("pro se parties must follow the same rules of procedure that govern other litigants").

(Doc. No. 9 at 1-2). The Magistrate Judge concluded that this action should be dismissed without prejudice, and specifically stated that the R&R "provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed." (*Id.* at 2 n.1).

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-cv-11851, 2019 WL 1242372, at * 1

(E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 9) is adopted and approved, and this action is DISMISSED WITHOUT PREJUDICE. Accordingly, Plaintiff's pending motion to stay writ of possession (Doc. No. 6) is rendered MOOT.

The Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE